George E. CARTER, Appellant,

v.

UNITED STATES, Appellee.

No. 88–CF–532.

District of Columbia Court of Appeals.

Dec. 20, 1994.

Before: †WAGNER, Chief Judge; FERREN, TERRY, *STEADMAN, *SCHWELB, **FARRELL, KING, and RUIZ, Associate Judges; and *GALLAGHER, Senior Judge.

ORDER

PER CURIAM.

On consideration of appellee's petition for rehearing en banc, appellant's motion for leave to file petition for rehearing, and appellant's response to appellee's petition for rehearing en banc and appellant's petition for rehearing, it is

ORDERED by the merits division * that appellant's motion for leave to file petition for rehearing is denied; and it appearing that the majority of the judges of this court has voted to grant appellee's petition for rehearing en banc, it is

FURTHER ORDERED that appellee's petition for rehearing en banc is granted and that the opinion and judgment of June 13, 1994, 643 A.2d 348, are hereby vacated. It is

FURTHER ORDERED that the Clerk shall schedule this matter for argument before the court sitting en banc as soon as the calendar permits. Counsel are hereby directed to provide ten copies of the briefs heretofore filed to the Clerk within thirty days of the date of this order. It is

FURTHER ORDERED that the Public Defender Service is invited to file a brief as

---

** Associate Judge Farrell has recused himself from this case.

*amicus curiae* and may submit an appropriate motion for leave to participate in oral argument. It is

FURTHER ORDERED that the appellant and the appellee shall, and the Public Defender Service as *amicus curiae* may, within 30 days from the date of this order, file supplemental briefs addressing the issues raised by the majority and dissenting panel opinions, including, but not necessarily limited to, the issues of:

1. Whether *Jaggers v. United States,* 482 A.2d 786 (D.C.1984), should be modified or overruled.

2. In circumstances where a trial judge has directed that a defense witness testify, despite the exercise of the fifth amendment right against self-incrimination by that witness, is the witness' testimony admissible against him or her in any subsequent trial in which the witness is charged with an offense or offenses (other than perjury at the original trial) growing out of the events which were the subject of the witness' compelled testimony?

3. Whether any jurisdictions, by legislation or otherwise, have provided for judge

conferred immunity under these circumstances. *See, e.g. United States v. Mahoney,* 949 F.2d 1397, 1401–02 (6th Cir.1991); *United States v. Herrera Medina,* 853 F.2d 564, 568 (7th Cir.1988); *Earl v. United States,* 124 U.S.App. D.C. 77, 80 n. 1, 361 F.2d 531, 534 n. 1 (1966), *cert. denied,* 388 U.S. 921, 87 S.Ct. 2121, 18 L.Ed.2d 1370 (1967), and authorities cited in these decisions.

It is FURTHER ORDERED that the parties and *amicus* shall have 20 days after service of such supplemental briefs to file further responding briefs.